UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60449

KATHLEEN HARDWOOD,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff Kathleen Hardwood ("Plaintiff") sues Defendant Convergent Outsourcing, Inc. ("Defendant") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Washington corporation, with its principal place of business located in Renton, Washington.

PAGE | **1** of **7**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and Stoneberry, the original creditor, involving an unsecured line of credit (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA0900904.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. On a date better known to Defendant, Defendant sent a collection letter, internally dated January 15, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

20. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

21. The Collection Letter represents an action to collect a debt by Defendant.

22. Defendant identifies itself as a "debt collector" in the Collection Letter. Exhibit A.

23. In the Collection Letter, Defendant states that it (the Collection Letter) is "an attempt to collect a debt." Exhibit A (emphasis added).

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e and § 1692e(10)**

24. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

25. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

26. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. §1692e(10).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27.     Defendant violated § 1692e and § 1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt from Plaintiff sand/or obtain information concerning Plaintiff. In simplest terms, in the Collection Letter, Defendant falsely states, or at minimum, wrongfully misrepresents, the creditor's willingness to **settle** the underlying debts for less than the full amount as having the same result as paying the full amount of the underlying debt. *See, e.g.,* Exhibit A (under the heading of "Reduced balance Opportunity," the Collection Letter states: "our client has advised us that they are willing to satisfy your account in full for 50% of your total balance.").

28.     Phrasing *settlement* as a *discount* is a false representation, or at minimum, misleading, to the least sophisticated consumer. For example, the least sophisticated consumer will falsely believe, or at minimum, be wrongfully mislead into believing, he or she is being offered a **discount** of the amount owed (*i.e.*, that underlying debt is being *discounted* rather than *settled*). This is simply false. Defendant is not offering a "reduced balance opportunity" because what is being offered *is not a discount*, or more pointedly, *not* an actual reduction in the amount of the Consumer Debt. Defendant is offering a **settlement** option. This is an important distinction.  For example, **settling** a debt for less than the full amount is notated differently on a consumer's credit report differently than debts that are paid in full, whereby the former is *more harmful* to a debtor's credit than the latter. Further, when a consumer *settles* a debt for less than the full amount, the consumer is subject to certain tax consequences, in that, depending *how much less* the underlying debt is **settled** for, the consumer will be taxed on the difference between the full amount and the settlement amount. Simply put, phrasing a *settlement* offer as *reduced balance opportunity* is, plainly, a falsely representation, or a minimum, an unlawfully misleading representation of what is being offered to the least sophisticated consumer. Telling the least sophisticated consumer that

he or she is being offered an opportunity to *reduce the actual balance* of the Consumer Debt will, for example, cause the consumer to erroneously believe no repercussions exist for accepting any of the "reduced balance" opportunity. Further, *even if* the collection letter had stated that it was offering an opportunity to *settle* or that it was offering *settlement options*, the least sophisticated consumer would *still* be unlawfully mislead, as the collection letters, nevertheless, deceptively omit the fact that there are consequences, such as those mentioned above, if the consumer chooses to settle a debt for less than the full amount.

29. Accordingly, by and through the Collection Letter, Defendant violated § 1692e and § 1692e(10) of the FDCPA.

30. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate and just under the circumstances.

## *COUNT I.*
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)-(5), § 1692g(b) and § 1692e

31. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

32. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, §1692g mandates, inter alia, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

*\*\*\**

PAGE | **5** of **7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

33. With respect to the Collection Letter, the following disclosure is presented:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing at PO Box 9004, Renton, WA 98057 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*See* Exhibit A at 3.

34. The FDCPA requires a least sophisticated consumer to provide the debt collector with *written* notice of the consumer's invocation of the rights under § 1692g(a)(4)-(5). Here, the Collection Letter wrongfully limits the least sophisticated consumer to *postal mail* if the consumer seeks to invoke his or her rights under § 1692g(a)(4)-(5). Put differently, the Collection Letter limits the form of written notice to *postal* mail, and in so doing, wrongfully cause the least sophisticated consumer to believe that he or she *cannot*, for example, provide the Defendant with *written notice* via facsimile or email. As such, by wrongfully limiting the channels through which the least sophisticated consumer may invoke his or her rights pursuant to § 1692g(a)(4)-(5), Defendant violated § 1692g(a)(4)-(5), § 1692g(b), and § 1692e of the FDCPA.

PAGE | **6** of **7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate and just under the circumstances.

DATED: February 28, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*